UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br> vs.<br>ALEX EVANS,<br><br>     Defendant. | Case No.: 2:24-cr-00256-GMN-MDC<br><br>**ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS** |

  Pending before the Court is Defendant Alex Evans' Oral Motion to Dismiss, and two additional requests made by the Parties in the briefing that followed the oral Motion. On January 21, 2025, the Parties appeared for Calendar Call where Defendant made an oral Motion to Dismiss the criminal case against him. (*See* Jan. 21, 2025 Mins., ECF No. 51). The Court set a written briefing schedule for the Government's Response, (ECF No. 52), and Defendant's Reply, (ECF No. 59). The Parties timely submitted their briefs.

  Defendant moved to dismiss the case based on the Government's alleged violation of the Speedy Trial Act. The Government opposes this Motion and explains that a violation of the Speedy Trial Act has not occurred because Defendant's must be tried date is February 4, 2025. (Resp. 3:18–4:2, ECF No. 52). In Defendant's Reply, he withdraws his oral Motion to Dismiss because he agrees with the Government that the must be tried date is indeed February 4, 2025, and acknowledges that his Motion to Dismiss is premature. (Reply 6:22, 9:16–17, ECF No. 59). Thus, Defendant's Oral Motion to Dismiss made at Calendar Call is DENIED without prejudice.

  In addition to opposing the Defendant's oral Motion to Dismiss, the Government's Response requests a hearing on Defendant's physical ability to stand trial, which Defendant opposes in his Reply. The Government's request is not only procedurally improper, but it lacks

merit. First, pursuant to Local Rule IC 2-2(b) "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Accordingly, it is procedurally improper for the Government to move for a hearing on Defendant's physical ability to stand trial in their Response on an unrelated matter. Second, the Court agrees with Defendant in that it finds no merit in the Government's request. (*See* Reply 7:8–15). The Government has been aware since the onset of the case that Defendant suffers from a degenerative neurological condition. The Government is also aware that Defendant entered hospice in December 2024. (*See* Email re Hospice Care at 2, Ex. B to Reply, ECF No. 59-2). Defendant informs the Court that there have been three court hearings since the Government received notice of Defendant entering hospice and at two of those hearings the Government called ready for trial. (Reply 7:21–22). The Government's Response is the first time that it has raised any concern about Defendant's physical ability to stand trial.

In his Reply, Defendant moves the Court to find that the time between the previously held Calendar Call and the disposition of this Motion should be attributable to the Government and is not excluded pursuant to 18 U.S.C. § 3161(h)(7)(C). Defendant bases this request on the amount of discovery that was passed after the Calendar Call and the discovery that remains outstanding. The Court again draws the Parties attention to Local Rule IC 2-2(b). Because the Government has not been given a chance to respond to this argument, the Court defers ruling on this matter. Defendant may file a motion regarding this issue so that the Government may respond.

///
///
///
///
///

**IT IS HEREBY ORDERED** that Defendant's Oral Motion to Dismiss, made at Calendar Call on January 21, 2025, is **DENIED without prejudice**.

Dated this  5   day of February, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court